RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE __08__/__10__/__05__
BY __QAB__

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GARY DAVIS | CIVIL ACTION NO. 05-0916-M |
| VS. | SECTION P |
| WARDEN CHAD LEE | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on May 25, 2005 by plaintiff Gary Davis. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC).[1] He is presently incarcerated at the Franklin Parish Detention Center (FPDC) and complains herein of conditions of confinement at that institution. He names FPDC Warden Chad Lee as his sole defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff claims that the showers at FPDC have mold, mildew, and rust. He claims that the ventilation is improper and that dust, mold, and mildew are around the vent. He claims that he has suffered from colds and sinus problems because of the ventilation system. He complains about the quality of the food. He claims that "...you can often find hair, bugs, and flies in the food." He claims that the food causes diarrhea and unspecified stomach problems.

He complains that inmates "...read mail and open legal mail when you are not present..."

---

[1] Plaintiff has supplied his LDOC prison number, 309462. [Doc. 1, Caption]

He claims that he asked for an Administrative Remedies Procedure form but the corrections officer advised him that "...the Warden didn't allow A.R.P. forms to inmates..."He complains that pre-trial detainees are housed with LDOC convicts. He claims that fights break out after lights out and that the corrections officers do not intervene.

Plaintiff seeks damages for mental anguish and pain and suffering, and punitive damages totaling $200,000.

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The thoroughness of the complaint convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted, that his claims are frivolous, and accordingly, dismissal of the complaint is recommended.

## 2. Grievances

Plaintiff's claim that the Warden does not provide an administrative remedies procedure at the FPDC. The undersigned accepts this allegation as true for the purposes of this report.

In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court narrowed the due process protections afforded to prisoners. Prisoners have no federally-protected right to have grievances investigated and resolved. Such rights, if any, are

provided by state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate the constitution and is thus not actionable under Section 1983. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"). See also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantial right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Plaintiff's claim that the Warden does not permit inmates to file ARP grievances is frivolous.

### 3. Conditions of Confinement

Plaintiff claims that he is forced to endure uncomfortable and unsanitary conditions at the FPDC. Regrettable as that may be, plaintiff has not established that he is entitled to monetary

damages for his pain and suffering and mental anguish.

"[P]rison authorities may not withhold from prisoners the basic necessities of life, which includes reasonably adequate sanitation." *Sanford v. Brookshire*, 879 F.Supp. 691, 693 (W.D.Tex.1994). The United States Constitution "forbids deprivation of the basic elements of hygiene." *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir.1983) (Eighth Amendment claim). To succeed on a deprivation-of-hygiene claim, plaintiff must show an "extreme deprivation" of sanitation. See *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

Furthermore, 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).

The Fifth Circuit has not yet defined the parameters of what constitutes a "physical injury" in this context. However, some guidance is offered by the case of *Luong v. Hatt*, 979 F.Supp. 481 (USDC - ND Tex. 1997). In that case, the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "...people in a free world setting in exercising their day-to-day

medical care would treat such injuries." *Luong*, 979 F. Supp. at 486.

The court reasoned,

> "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?
>
> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." *Id.*

Plaintiff has alleged that the unsanitary conditions complained of caused him to have "...colds and sinus problems..." He claims that the food, in general, causes diarrhea and unspecified "stomach problems." None of these conditions necessarily require treatment by a medical care professional. All are treatable in the home with common over-the-counter medications.[2] In short, plaintiff's alleged injuries are *de minimis* and therefore his claim for

---

[2] See Medline Plus, Medical Encyclopedia,
A Service of the United States National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/encyclopedia.html

monetary damages is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, --- U.S. ----, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*).

Plaintiff has not demonstrated that he suffered from any physical injury that was more than *de minimis*, therefore his claim for monetary damages is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by §1997e(e) sufficient to support a claim for monetary damages).

Plaintiff's conditions of confinement claim is likewise frivolous.

### 4. Mail

Plaintiff claims that the defendant "...has other inmates here that read mail and open legal mail when you are not present..." However, he does not allege that anyone in particular has ever read an privileged mail of his. In any event, plaintiff's legal mail tampering claim implicates both his right of access to the courts and his right to free speech. To rise to the level of a constitutional violation of an inmate's right of access to the courts, the inmate must allege that his position as a litigant was prejudiced by the mail tampering. See *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Here, plaintiff has only asserted that inmates in general read legal mail outside of the presence of its intended recipient and without consent. He has thus failed to state a cognizable constitutional . See *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir.1993), *Walker v. Navarro County Jail*, 4 F.3d 410 (5th Cir.1993).

Plaintiff's mail tampering complaint is frivolous.

### 5. Housing Detainees with Inmates

Plaintiff complains that pre-trial detainees are housed with convicted inmates in violation of LDOC policy. a prison official's failure to follow state regulations does not establish a constitutional violation. See *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir.1989). Further, as shown above, plaintiff is a convicted inmate. He does not explain how the complained of policy is violative of his constitutional rights. His inmate housing complaint is frivolous.

### 6. Prison Fights

Finally, plaintiff complains of fights between inmates after "lights out." Again, he does not suggest that he has been involved in this activity. Nor does he claim to have received any

injury as a result of this activity. This claim is also precluded by the provisions of 42 U.S.C. §1997e(e) and should likewise be dismissed as frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE